IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EUGENE MILLER,**<br>　　　　　　**Petitioner,**<br><br>　　　　v.<br><br>**THE DISTRICT ATTORNEY OF THE**<br>**COUNTY OF DELAWARE,**<br>**THE ATTORNEY GENERAL OF THE**<br>**STATE OF _____,**<br>　　　　　　**Respondents.** | **CIVIL ACTION**<br><br><br><br>**NO. 15-153** |

## O R D E R

**AND NOW**, this 17th day of August, 2015, upon consideration of Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by *pro se* petitioner, Eugene Miller, the record in this case, the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey dated June 29, 2015, and Opposition of the Recommendation filed on June 30, 2015, **IT IS ORDERED** as follows:

　　　　1.　　　The Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey dated June 29, 2015, is **APPROVED AND ADOPTED**;

　　　　2.　　　Opposition of the Recommendation filed on June 30, 2015, filed by *pro se* petitioner, Eugene Miller, is **OVERRULED**.  In the Report and Recommendation Magistrate Judge Hey determined that Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by *pro se* petitioner, Eugene Miller, was not timely filed and this Court is in complete agreement with that recommendation.  With respect to *pro se* petitioner's claim under *Alleyne v. United States*, _____ U.S. _____, 133 S. Ct. 2151 (2013), the Third Circuit has held that it does not apply retroactively on collateral attack.  *United States v. Reyes*, 755 F.3d 210, 213 (3d Cir. 2014).  Because *Alleyne* is not retroactive, it does not apply to

Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by *pro se* petitioner, Eugene Miller;

3. Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by *pro se* petitioner, Eugene Miller, is **DISMISSED** and **DENIED**; and,

4. A certificate of appealability will not issue because reasonable jurists would not debate (a) this Court's decision that the petition does not state a valid claim of the denial of a constitutional right, or (b) the propriety of this Court's procedural ruling with respect to petitioner's claim. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**BY THE COURT:**

**/s/ Hon. Jan E. DuBois**

**DuBOIS, JAN E., J.**